1  JOAN B. TUCKER FIFE (SBN: 144572)
    Email: jfife@winston.com
2  WINSTON & STRAWN LLP
    101 California Street, Suite 3900
3  San Francisco, Ca  94111
    Telephone:  415-591-1000
4  Facsimile:   415-591-1400

5  JENNIFER RAPPOPORT (SBN: 210879)
    Email: jrappoport@winston.com
6  WINSTON & STRAWN LLP
    333 S. Grand Avenue
7  Los Angeles, Ca 90071-1543
    Telephone:  (213) 615-1700
8  Facsimile:   (213) 615-1750

9  Attorneys for Defendant
    TERMINIX INTERNATIONAL, INC.
10

11                    **UNITED STATES DISTRICT COURT**

12                   **EASTERN DISTRICT OF CALIFORNIA**

13  ANASTASIA YEAGER,                    )   **Case No.  Civ. S-10-572 JAM JFM**
                                          )
14               Plaintiff,              )   **STIPULATED PROTECTIVE**
                                          )   **ORDER**
15          vs.                          )
                                          )
16  TERMINIX INTERNATIONAL, INC.,        )   Trial Date:  February 27, 2012
                                          )
17               Defendant.              )
                                          )
18                                       )
                                          )
19                                       )

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

PDF created with pdfFactory trial version www.pdffactory.com

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

The parties, Anastasia Yeager ("Plaintiff") and Terminix International, Inc. ("Defendant"), by and through their counsel of record, hereby stipulate as follows:

**1.** **PURPOSES AND LIMITATIONS.**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret or private information, including private personnel data pertaining to third parties and internal business policies as well as confidential business information that is not generally known to the public, the exposure of which could breach Defendant's statutory or constitutional obligations and/or provide Defendant's competitors with knowledge of Defendant's internal business operations resulting in a competitive disadvantage, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that the need for protection of the above-referenced categories of documents is better served by order of the Court than by private agreement to ensure the broadest protections possible, obtain and pursue discovery with the minimum of delay and expense, and guarantee speedy resolution in the event that private, confidential, or proprietary information is disclosed. The parties further acknowledge that nothing in this Stipulated Protective Order shall preclude either party from asserting that a document is of such a confidential or private nature that it should not be produced or that it should only be produced in redacted form, or from seeking a protective order to preclude the production of certain documents.

**2.** **DEFINITIONS.**

2.1. Party: Anastasia Yeager and Terminix International, Inc., including all

2

STIPULATED PROTECTIVE ORDER
Case No. Civ. S-10-572 JAM JFM

PDF created with pdfFactory trial version www.pdffactory.com

of its officers, directors, employees, consultants, retained experts, and counsel (and their support staff).

    2.2   <u>Non-Party</u>:  any third party that produced or produces any material to a Party in connection with this action, regardless of whether those materials are produced voluntarily or in response to a subpoena, or other form or informal discovery process.

    2.3   <u>This Action</u>:  means the above-captioned action pending in this Court, including any related discovery pretrial, post-trial or appellate proceedings.

    2.4   <u>Document</u>:  is defined as the term is used in Federal Rule of Civil Procedure 34(a).

    2.5.   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.6.   <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that contain information involving proprietary, trade secrets, or confidential business, personal or financial information.

    2.7   <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or Non-Party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

    2.8.   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

    2.9.   <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

    2.10.   <u>Designating Party</u>: a Party or non-party that designates information or items that it produced in disclosures or in responses to discovery as "Confidential."

    2.11.   <u>Protected Material</u>: any Disclosure or Discovery Material that is

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

3

PDF created with pdfFactory trial version www.pdffactory.com

1   designated as "Confidential."

2      2.12   <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are

3   retained to represent or advise a Party in this action.

4      2.13   <u>House Counsel</u>: attorneys who are employees of a Party.

5      2.14   <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well

6   as their support staff).

7      2.15   <u>Expert</u>: a person with specialized knowledge or experience in a matter

8   pertinent to the litigation who has been retained by a Party or its counsel to serve as an

9   expert witness or as a consultant in this action and who is not a past or a current

10  employee of a Party or of a competitor of a Party's and who, at the time of retention,

11  is not anticipated to become an employee of a Party or a competitor of a Party's.  This

12  definition includes a professional, jury or trial consultant retained in connection with

13  this litigation.

14     2.16   <u>Professional Vendors</u>: persons or entities that provide litigation support

15  services (e.g., photocopying, videotaping, translating, preparing exhibits or

16  demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and

17  their employees and subcontractors.

18  **3.    <u>SCOPE</u>.**

19     The protections conferred by this Stipulated Protective Order cover not only

20  Protected Material (as defined above), but also any information copied or extracted

21  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

22  testimony, conversations, or presentations by parties or counsel to or in Court or in

23  other settings that might reveal Protected Material, to the extent provided by law,

24  including federal, state or local rules.

25  **4.    <u>DURATION</u>.**

26     Even after the termination of this litigation, the confidentiality obligations

27  imposed by this Stipulated Protective Order shall remain in effect until a Designating

28  Party agrees otherwise in writing or a court order otherwise directs.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

PDF created with pdfFactory trial version www.pdffactory.com

**5.     DESIGNATING PROTECTED MATERIAL.**

5.1.   <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the bottom-right of each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the bottom-right of each page that contains Protected Material. **Where large amounts of data are produced electronically on a CD-rom or disk it is sufficient to label the CD-rom or disk itself "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Under such circumstances, the entirety of the data contained on the CD-rom or disk shall be treated as if each individual document resident thereon were so marked, and any excerpts printed from such electronically stored data shall be identified by the party using the excerpt as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –**

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

PDF created with pdfFactory trial version www.pdffactory.com

**ATTORNEYS' EYES ONLY," as appropriate.**

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"  as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

PDF created with pdfFactory trial version www.pdffactory.com

5.2.   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS.

6.1.   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

**6.2.   <u>Judicial Intervention</u>.  The parties have an obligation to meet and confer over any claims of confidentiality.  If the parties are not able to agree during the meet and confer process, then either party may file and serve a motion pursuant to the local rules of this Court. The party asserting the claim of confidentiality or privilege shall bear the burden of proof on that issue.  The failure by any party to meet and confer in good faith before seeking the Court's intervention shall be sufficient grounds, in and of itself, for the Court to rule against that party.**

6.3   Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

7

PDF created with pdfFactory trial version www.pdffactory.com

1 Producing Party's designation.

2 **7.    ACCESS TO AND USE OF PROTECTED MATERIAL.**

3    7.1.   Basic Principles.  A Receiving Party may use Protected Material that is

4 disclosed or produced by another Party or by a non-party in connection with this case

5 only for prosecuting, defending, or attempting to settle this litigation.  Such Protected

6 Material may be disclosed only to the categories of persons and under the conditions

7 described in this Stipulated Protective Order.

8    Protected Material must be stored and maintained by a Receiving Party at a

9 location and in a secure manner that ensures that access is limited to the persons

10 authorized under this Stipulated Protective Order.

11    7.2.   Disclosure of "CONFIDENTIAL" Information or Items.  Unless

12 otherwise ordered by the Court or permitted in writing by the Designating Party, a

13 Receiving Party may disclose any information or item designated CONFIDENTIAL

14 only to:

15    (a)    the Receiving Party's Outside Counsel of record in this action,

16 House Counsel and said Counsel's paralegals, as well as other employees of said

17 Counsel to whom it is reasonably necessary to disclose the information for this

18 litigation;

19    (b)    the officers, directors, and employees of the Receiving Party (other

20 than those covered by subsection (a) above) to whom disclosure is reasonably

21 necessary for this litigation and;

22    (c)    experts (as defined in this Stipulated Protective Order) of the

23 Receiving Party to whom disclosure is reasonably necessary for this litigation and

24 who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

25    (d)    the Court and its personnel;

26    (e)    court reporters, their staffs, and professional vendors retained by

27 the Receiving Party to whom disclosure is reasonably necessary for this litigation;

28    (f)    witnesses in the action to whom disclosure is reasonably necessary

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

8

STIPULATED PROTECTIVE ORDER
Case No. Civ. S-10-572 JAM JFM

and who, if the disclosure is made other than on the records at a deposition or court hearing, have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

(g)    the author of the document or the original source of the information.

7.3    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" only to:

(a)    the Receiving Party's Outside Counsel, House Counsel and employees of Counsel;

(b)    Experts (as defined in this Stipulated Protective Order) retained by the Receiving Party who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    the Court and its  personnel;

(d)    court reporters, their staffs, and professional vendors retained by the Receiving Party who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e)    the author of the document or the original source of the information; and

(f)    witnesses in this litigation, provided, however, that the Receiving Party will disclose to the Producing Party its intention to share the particular document(s) with the witness before showing the witness the document(s), so that the Producing Party may seek intervention by the Court prior to disclosure.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

9

PDF created with pdfFactory trial version www.pdffactory.com

action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whole unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.   FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

PDF created with pdfFactory trial version www.pdffactory.com

after appropriate notice to all interested persons, a party may not file in the public record in this action any protected material unless such material is filed under seal, pursuant to Local Rule 141, and clearly bears the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" label.  The filing of such protected material with the court does not change the protected nature of the material.

## 11.   <u>FINAL DISPOSITION.</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must destroy all protected material.  As used in this subdivision, "all protected material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the protected material, except that, the Receiving Party's counsel may retain one archive coy of the materials for their records, to be used solely in the event of any dispute between counsel and their clients or class members.  Any such archival copies that contain or constitute protected material remain subject to this stipulated protective order as set forth in section 4 (duration), above.

## 12.   <u>MISCELLANEOUS</u>

12.1.   <u>Right to Further Relief</u>.  Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2.   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  January 14, 2011                    WINSTON & STRAWN LLP

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

PDF created with pdfFactory trial version www.pdffactory.com

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1

2                                                 By: _____

3                                                      Jennifer Rappoport
                                                     Attorneys for Defendant
4                                                    TERMINIX INTERNATIONAL, INC.

5   Dated:  January 14, 2011              PERKINS & ASSOCIATES

6

7                                                 By: _____

8                                                      Robin K. Perkins
                                                     Attorneys for Plaintiff
9                                                    ANASTASIA YEAGER

10  PURSUANT TO STIPULATION, IT IS SO ORDERED.

11

12  DATED:  January 27, 2011                    /s/ John A. Mendez_____

13                                                      United States District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. Civ. S-10-572 JAM JFM

PDF created with pdfFactory trial version www.pdffactory.com

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Northern District of California on

[date] in the case of _____ [insert formal name of the case and the number and

initials assigned to it by the court]. I agree to comply with and to be bound by all the

terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt. I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity except

in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Northern District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

PDF created with pdfFactory trial version www.pdffactory.com